**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

DAYS INN WORLDWIDE, INC.  :
          :
    **Plaintiff,**  :    **Civil Action No. 08-390 (JLL)**
  **v.**        :
          :    **OPINION**
INVESTMENT PROPERTIES OF :
BROOKLYN CENTER, LLC, ET AL. :
          :
    **Defendant.** :
          :

---

**CECCHI**, **Magistrate Judge.**

  This matter comes before the Court on the motion of Defendants Investment Properties of Brooklyn Center, LLC ("Investment Properties") and Peter C. Vang (collectively, "Defendants") to transfer this action pursuant to 28 U.S.C. §1404(a) to the United States District Court for the District of Minnesota (Docket Entry No. 25). Plaintiff Days Inn Worldwide, Inc. ("Plaintiff") opposed the motion. Pursuant to Federal Rule of Civil Procedure 78, the Court decides this matter without oral argument. For the reasons set forth herein, Defendants' motion is hereby granted.

**INTRODUCTION**

  On or about January 18, 2008, Plaintiff filed a Complaint in this Court sounding in breach of contract. Plaintiff, a Delaware corporation with its principal place of business in New Jersey, operates a guest lodging facility franchise system throughout the United States. (Cmp. at ¶ 1). Defendant Investment Properties is a Minnesota limited liability company with its principal place of business in Woodbury, Minnesota. (Id. at ¶ 2). Defendant Vang is a resident of the state of Minnesota and is the sole principal of Investment Properties. (Id. at ¶ 3).

  Plaintiff alleges that Defendants breached a license agreement pursuant to which Defendant Investment Properties was to operate a hotel located in Brooklyn Center, Minnesota as a Days Inn guest lodging facility (the "Facility"). The pertinent facts are as follows. On or about July 22, 2004, Plaintiff entered into a License Agreement and Addendum (the "License Agreement") with an entity known as 1 Village Properties, LLC ("Village Properties"). (Id. at ¶ 8). Under the License Agreement, Village Properties was to operate the Facility as a 220-room Days Inn hotel. (Id.). On or about April 27, 2005, Plaintiff and Defendant Investment Properties entered into an Assignment and Assumption Agreement (the "Assignment") pursuant to which Defendant Investment Properties assumed all of Village Properties' rights and obligations under

the License Agreement. (Id. at ¶ 9).  According to Plaintiff, effective as of the date of the Assignment, Defendant Vang executed a guaranty pursuant to which he personally guaranteed Defendants Investment Properties' obligations under the License Agreement. (Id. at ¶ 18-19).

In early 2007, Defendants advised Plaintiff of their intent to sell the Facility[1], cease operating the Facility as a Days Inn, and terminate the License Agreement. (Id. at ¶ 20).  Throughout March 2007, the parties exchanged correspondence setting forth their respective positions as to whether Defendants could properly terminate the License Agreement.  Ultimately, on March 27, 2007, Plaintiff acknowledged Defendants' termination of the License Agreement.  On January 18, 2008, Plaintiff commenced the instant action in this Court. (Id. at ¶ 27).

Defendants now move to transfer this matter to the United States District Court for the District of Minnesota.  In so moving, Defendants argue that the case should be transferred to the District of Minnesota because the majority of the facts giving rise to Plaintiffs' Complaint occurred in Minnesota.  Defendants emphasize that the Facility, along with many relevant documents and witnesses, are located in Minnesota and assert that Minnesota law governs the parties' dispute.  Defendants state that, given these factors, the interests of justice would be best served by the requested transfer.

In response, Plaintiff argues that the interests of justice would not be served by a transfer to the United States District Court for the District of Minnesota because Defendants agreed in the License Agreement to non-exclusive personal jurisdiction and venue in this District.  Plaintiff also asserts, *inter alia*, that its choice of forum is entitled to deference and that several operative facts, including the approval, execution and mailing of the Licence Agreement, occurred in New Jersey.  Accordingly, Plaintiff requests that Defendants' motion to transfer be denied.  In their reply, Defendants assert that the aforementioned non-exclusive forum selection clause was overridden by an Addendum to the License Agreement which, according to Defendants, prohibits any clause that would require litigation to be conducted outside of Minnesota.

## DISCUSSION

Defendants request that this case be transferred to the United States District Court for the District of Minnesota pursuant to U.S.C. § 1404(a).  Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in the District of Minnesota.  This requirement is satisfied if, at the time the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. 1391 and (ii) the proposed transferee district could have exercised jurisdiction over the defendants.  Colon v. Pitney Bowes Corp., 2007 WL 496875, *2 (D.N.J. Feb. 8, 2007).

Under 28 U.S.C. § 1391(a)(2), venue in actions based only on diversity is appropriate in, *inter alia*, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  The facts of the instant matter satisfy both prongs of this inquiry.  As an initial matter, it is apparent from Plaintiff's Complaint that the substantial part of the events

---

[1] The buyer of the Facility was to be the Brooklyn Center of Economic Development Authority, an entity also located in Minnesota

giving rise to Plaintiff's claims occurred in Minnesota. The guest lodging facility at issue is located in Minnesota and the events giving rise to the alleged breach all occurred in Minnesota. In addition, Plaintiff does not dispute that this action could have been brought in the District of Minnesota.

In addition, the United States District Court for the District of Minnesota could have exercised personal jurisdiction over Defendants had the action been filed before it because Plaintiff's causes of action arose out of Defendants' purposeful contacts in Minnesota. The Court is persuaded that these purposeful contacts are sufficient to confer specific jurisdiction over Defendants. See Burger King Corp. . Rudzewicz, 471 U.S. 462, 472-76 (1985). Therefore, this matter meets the Section 1404(a) requirement that it "might have been brought" in the proposed transferee court, the United States District Court for the District of Minnesota.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a Section 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations and internal quotations omitted). Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. at 527 (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion. These factors generally fall into two categories: private interests and public interests. Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 474 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal quotations omitted). Public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations omitted).

**A.  Private Interests**

Here, the private interests weigh in favor of transferring the case to the District of Minnesota. As an initial matter, considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the District of Minnesota. Plaintiff's claims relate almost entirely to the acts and omissions of Defendants which occurred in Minnesota.  Most of the relevant witnesses are located in Minnesota and will likely play a key role in the development of the case.  While there may be peripheral witnesses located in New Jersey, the analysis of witness convenience nevertheless tips in favor of transfer.

Further, at least some of the relevant documents, as well as the actual situs of the Facility and alleged events, are also located in the state of Minnesota.  See Liggett, 102 F. Supp. 2d at 528.  These factors support transfer of the action to the United States District Court for the District of Minnesota.

While a plaintiff's forum choice generally deserves deference, it is accorded less deference "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff."  Danka Funding, 21 F.Supp.2d at 475 (citing Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990)).  Plaintiff's claims appear to center around alleged acts in Minnesota.  Although Plaintiff asserts that it approved, executed and mailed the License Agreement from New Jersey,  the Facility at issue is located in Minnesota and most of the facts giving rise to the alleged breach occurred in Minnesota.  Accordingly, the Court is persuaded that the substantial majority of the operative facts which form the basis of Plaintiff's claims occurred in Minnesota.

Plaintiff also argues that its choice of venue should not be disturbed because it brought this action in the District of New Jersey pursuant to a non-exclusive forum selection clause.  In response, Defendants assert that the clause is invalid under Minnesota law, and that the applicable provision of Minnesota law was incorporated to the License Agreement when the parties executed an Addendum thereto.  Although a forum selection clause is a "significant factor that figures centrally in the district court's calculus," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), it is not dispositive of a motion to transfer.  Rather, the Court must balance all of the relevant factors to determine whether transfer is appropriate.  Even affording the permissive forum selection clause due weight, given that the operative facts of the suit, along with most witnesses, documents, and the Facility itself are all located in Minnesota, the Court concludes that, on balance, the private interest factors weigh in favor of transfer.

Because the Court concludes that the private factors indicate that this matter should be transferred, the question of whether the forum selection clause is valid need not be addressed. The Court is mindful, however, that at least one judge in this District has found transfer to be appropriate on facts nearly identical to those presented here.  See Ramada Worldwide, Inc v. Brooklyn Park Hotel Properties, LLC, et al., No. 05-3842 (JAG) (D.N.J. 2005).

**B.  Public Interests**

 The public interests also weigh in favor of transferring this case to the District of

4

Minnesota. Central to this analysis is that the operative facts occurred exclusively in the transferee district. As discussed above, most of the witnesses and records pertaining to this matter are located within the state of Minnesota. Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the District of Minnesota. Further, Minnesota has an interest in resolving this controversy in its home forum. Finally, judges in the District of Minnesota will have greater familiarity with Minnesota contract law (to the extent that it is implicated here) than a judge sitting in the District of New Jersey.[2] Thus, taken together, the public interest factors support the transfer of this case to the District of Minnesota.

### C. Interests of Justice

Transferring this action to the District of Minnesota will serve the interests of justice. The principal events giving rise to Plaintiff's claims occurred in Minnesota, a majority of the witnesses and documents are located in Minnesota, and the Court is persuaded that the Minnesota courts have a greater interest in adjudicating this matter. Accordingly, Defendant's motion to transfer should be granted.

### CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to transfer this case to the United States District Court for the District of Minnesota. An appropriate Order accompanies this Opinion.


**Dated: September 25, 2009**                         _s/ Claire C. Cecchi_
                                                      **HON. CLAIRE C. CECCHI**
                                                      **United States Magistrate Judge**

---

[2] Because the Court is persuaded that the public interest weighs in favor of transfer, the Court need not engage in an extensive analysis as to whether New Jersey or Minnesota law governs Plaintiff's claims. Moreover, whether the applicable law is that of the state of New Jersey or the state of Minnesota, the public interests in the instant matter overall weigh in favor of transfer.